THE BOARD OF COMMISSIONERS OF EXCISE OF CATTARAUGUS COUNTY, *v.* CHARLES C. WILLEY.

(SPECIAL TERM, CATTARAUGUS COUNTY, JUNE, 1870.)

County commissioners of excise holding office under the law of April 16, 1857, sued to recover penalties as therein provided; after suit the " act regulating the sale of intoxicating liquors" of April 11, 1870, was passed and the defendant pleaded it as a defence.   On demurrer to the answer it was held that the plaintiffs were authorized to prosecute the action notwithstanding the latter law.

The act of 1870 did not altogether abolish the county boards of commissioners of excise then existing.   Per MARVIN, J.

It deprived them of the power to grant licenses, but not to sue for the penalties not inconsistent with such act, which are provided for by the act of 1857.   Id.

Various provisions of the acts of 1857 and 1870, compared and commented on.   Id.

DEMURRER to the answer.   The action is brought to recover penalties imposed for the violation of the " act to suppress intemperance and to regulate the sale of intoxicating liquors," passed April 16, 1857, chap. 628.   It was commenced January 1, 1870.   The defendant by his answer set up the statute of April 11, 1870, entitled " An act regulating the sale of intoxicating liquors," chapter 175.

The question raised is, can this action be continued by the

plaintiff since the passage of the act of April 11, 1870 ? The defendant insisted that this act abolished the plaintiff.

*Lamb & Vedder*, for the plaintiff.

*Torrance & Allen*, for the defendant.

MARVIN, J. By the first section of the act of 1857 the county judge and the two justices of the sessions, &c., are required to appoint three reputable freeholders, residents of the county, who shall be commissioners of excise for the county, to be known as the board of commissioners of excise. The appointing power in the city of New York was vested in the chief justice of the Superior Court, the presiding judge of the court of Common Pleas, and the recorder, or any two of them. By the second section of the act it is declared that the commissioners of excise shall have power to grant licenses to keepers of inns, taverns or hotels, being residents, &c., to sell strong and spirituous liquors and wines, to be drunk in their houses respectively; and to storekeepers, being such residents, a license to sell such liquors and wines in quantities less than five gallons, but not to be drunk in their shops, &c., &c.

By section 22 the penalties imposed by the act, except in certain specified cases, are to be sued for and recovered in the name of the board of commissioners of excise, and they are to be paid over to the treasurer of the county for the support of the poor of the county.

By the first section of the act of 1870, chapter 175, it is declared that "there shall be a board of commissioners of excise in each of the cities, incorporated villages, and towns of this State." "In incorporated villages they shall consist of three members of the board of trustees, one of whom shall be president, to be annually designated by such board of trustees; and in towns they shall consist of the supervisors and justices of the peace thereof, for the time being respectively. Any three members shall be competent to execute the

powers vested in any town board, &c.  By the second section
the mayor of each of the cities, except in New York and
Brooklyn, shall appoint the commissioners of excise in their
respective cities within ten days after the passage of this act;
but in the cities of New York and Brooklyn the mayor shall
nominate three good and responsible citizens to the board of
aldermen of such cities respectively, who shall confirm or
reject such nominations."  In case of rejection others to be
nominated.

By the fourth section " the board of excise in cities, towns
and villages shall have power to grant licenses to any person
or persons of good moral character, who shall be approved by
them, permitting him and them to sell and dispose of, at any
one named place within such city, town or village, strong
and spirituous liquors, wines, ale and beer in quantities less
than five gallons at a time, upon receiving a license fee, to
be fixed in their discretion, and which shall not be less than
thirty nor more than $150."  By the sixth section of the act,
the act to regulate the sale of intoxicating liquors within the
metropolitan police district of the State of New York, passed
April 14, 1866, is repealed; and it is declared that ": the pro-
visions of the act passed April 16, 1857, except when the
same are inconsistent or in conflict with the provisions of this
act, shall be taken and construed as a part of this act, and be
and remain in full force and effect throughout the whole of
this State."  The extracts from the statutes of 1857 and 1870,
here given, contain all the provisions necessary to enable us
to consider the question raised, viz.:  Was the board of com-
missioners of excise, authorized by the act of 1857, abrogated
by the act of 1870?  In my opinion it was not.  The powers
of such boards are undoubtedly greatly abridged.  The com-
missioners of excise appointed for the counties can no longer
grant licenses to sell strong and spirituous liquors.  The
authority to grant licenses is, by the act of 1870, vested in
other boards created or authorized by the act, and the powers
of these city, village and town boards are somewhat enlarged
as to the persons to whom licenses may be granted.  It is no

longer necessary that they should be "keepers of inns, taverns or hotels." The boards of excise may now "grant licenses to any person or persons of good moral character who shall be approved by them."

It was not intended by the act to abolish all penalties for the sale of intoxicating liquors in quantities less than five gallons without a license. The act makes no mention of penalties except in section 8, having no reference to the question or subject we are considering.

The statute is silent as to penalties and as to actions, except by its reference to the act of 1857. A statute, or any of its provisions, may be repealed by the enactment of a statute containing provisions in conflict or inconsistent with the prior statute. This is said to be a repeal of the prior statute by implication. Statutes must be consistent, and if they are not, then the latest act is to prevail as the will of the legislature. The repealing of a statute by implication is not favored by the courts; and when the statute is not expressly repealed, the repeal by implication is never applied, if the statutes can, by a reasonable and fair construction, be read together without conflict or inconsistency. The act of 1870 expressly preserves all of the provisions of the act of 1857 not inconsistent or in conflict with the act then created. It was intended to preserve all the penalties given by the act of 1857 which should be in harmony with the provisions of the act of 1870. It was intended that such penalties should be sued for and collected. The act, however, says nothing about them, nor was it necessary to do so, as the act of 1857 contained full and complete provisions touching penalties, and how and by whom they should be recovered.

The question is, is the existence of the boards of commissioners of excise of the counties for the purpose of suing for and recovering penalties, as provided in the act of 1857, inconsistent or in conflict with any of the provisions of the act of 1870? These county boards of commissioners had authority to grant licenses and authority to sue for and recover penalties. By the act of 1870 they are deprived of

the power to grant licenses, not by any express provisions of the act, but by the creation of other boards authorized to grant licenses; in short, the establishing of a system of licensing inconsistent with the system established by the act of 1857. These county boards of commissioners may well be deprived of the power to grant licenses without affecting in the least their rights to exercise the power of maintaining actions for penalties. This latter power is not conferred upon the new boards nor upon any other person or body, and there can be no conflict between the county commissioners and the new town boards of excise. Each of these boards has its duties and authority, and they may well exist together, each performing its own duties. If the county boards of commissioners are abolished, it will be the duty of district attorneys to prosecute for any penalties imposed by the act of 1857 *exceeding* fifty dollars. It is declared by the Revised Statutes that "it shall be the duty of the several district attorneys to prosecute for all penalties and forfeitures exceeding fifty dollars, which may be incurred in their respective counties, and for which no other officer is by law specially directed to prosecute." (1 R. S., 383, § 91.) The duty is only imposed upon the district attorney when the penalty or forfeiture *exceeds* fifty dollars, and when no other officer is by law specially directed to prosecute. The penalty imposed by the act of 1857 for selling liquors without a license is fifty dollars (§§ 13, 14). Indeed, I think there is no penalty imposed by the act which exceeds fifty dollars. Several smaller penalties are imposed. It cannot be that the legislature intended to abolish all remedy for the recovery of penalties imposed by the act of 1857.

There is one other provision in the act of 1857 to which it may be well to refer. It is, in substance, that if there is a neglect to prosecute for any penalty provided by the act, "any other person may prosecute therefor *in the name of the board of commissioners of excise.*" (Sec. 30.)

There are some penalties given by the act that are to be sued for and recovered by persons other than the board of

432      CASES IN THE SUPREME COURT      [June,

commissioners of excise. A penalty is given to the parent or master of an apprentice, or guardian of a minor, for selling strong or spirituous liquors to a minor under the age of eighteen, without consent, &c. The action is to be brought by the parent, master or guardian, as the case may be (§ 15). See also, for other cases, section 8 and section 19. If actions are not brought for these penalties by the persons to whom they are given and who are authorized to sue, then any person may sue for the penalty *in the name of the board of commissioners of excise.* These provisions are not inconsistent with the provisions of the act of 1870. If they are to be preserved, however, it will be necessary to preserve the county board of commissioners.

I ought, perhaps, to notice certain language in the second section of the act of 1870. This section relates exclusively to the appointment of commissioners in the cities. In New York and Brooklyn the mayor is to nominate and the board of aldermen is to confirm or reject. In the other cities the mayor makes the appointments. The language referred to is: " The present commissioners of excise for the metropolitan district and the commissioners for the counties shall continue to exercise the duties of the office until such appointments, or some one of them, shall be appointed in such cities respectively as herein provided." The language is very ambiguous; but all that was intended by it, so far as the commissioners for the counties are concerned, was that they should continue to exercise their powers of licensing in the city that was in their county until the mayor should appoint the new commissioners or one of them. The act continues: "Any one or more of the commissioners so appointed shall have the power to act as a board of excise for the city in which he shall be appointed until the others shall be duly appointed." No argument can be fairly made from this provision that the commissioners for the counties should cease to exist, or should have no duties to perform, so soon as the new commissioners for the cities should be appointed.

In conclusion, I am satisfied that the board of commis-

sioners of excise for the counties continue to exist, and that they have power, and it is their duty, to sue for and recover the penalties imposed by the act of 1857 which are not inconsistent with the provisions of the act of 1870. It was not the object of the act of 1870 to interfere with the powers and duties of these county commissioners as to prosecutions for penalties; but the object was to take from them the power of licensing and place such power in other hands, and also to enlarge the power.

The plaintiff must have judgment upon the demurrer, &c.